IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIC RELIFORD, BOP No. 45586-019,** | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 3:04-CV-2550-K |
| | ) | 3:97-CR-237-X |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**:

Eric Reliford's ("Movant's") motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255 is before the Court for consideration. Movant is presently confined in USP Atwater, Atwater, California.

Movant pled guilty to bank robbery by force or violence and aiding and abetting in violation of 18 U.S.C. § 2113(a) and 2. On December 15, 1997, the District Court sentenced Movant to 121 months imprisonment and a three-year term of supervised release. Movant appealed, and the Fifth Circuit Court of Appeals dismissed his appeal as frivolous on July 13, 1998. Movant did not file a Petition for Review on Certiorari with the United States Supreme Court. Movant filed his § 2255 motion on November 14, 2004.[1] On December 7, 2004, this

---

[1] The motion for post-conviction relief is dated November 14, 2004, but was not file-stamped until November 26, 2004. Pursuant to *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a § 2255 motion is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing.

Court granted Movant the opportunity to file a response explaining why his motion is not barred by the one-year statute of limitations for § 2255 motions, or why the statute of limitations should be tolled on equitable grounds. Movant failed to respond.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. § 2255. The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2255.

The facts supporting the claims raised in Movant's § 2255 motion became known or could have become known prior to the date Movant's judgment of conviction became final. Therefore, the court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Movant had ninety days after the Fifth Circuit Court of Appeals dismissed his appeal, or until October 11, 1998, to file a Petition for Review on Certiorari with the United States Supreme Court. *See* SUP. CT. R. 13. When Movant

2

failed to seek such review, his conviction became final. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Accordingly, Movant had until October 12, 1999, to file his § 2255 motion. Movant's § 2255 motion filed November 14, 2004, is untimely and barred by the statute of limitations. Movant has raised no grounds that would support equitable tolling of the limitation period.

**RECOMMENDATION**:

For the foregoing reasons this Court recommends that the District Court dismiss the motion under 28 U.S.C. § 2255 as barred by the one-year statute of limitations.

A copy of this recommendation will be mailed to Movant, Eric Reliford, BOP No. 45586-019, USP Atwater, P.O. Box 019001, Atwater, CA 95301.

Signed May 25, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE